**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| ANTENET N. SIMPSON ) | CIVIL ACTION NO. 1:18-3098-JMC |
| Plaintiff, ) | COMPLAINT |
| v. ) | (JURY TRIAL DEMANDED) |
| CONTRACT CALLERS, INC. ) | |
| Defendant. ) | |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer Antenet N. Simpson, against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA").

**JURISDICTION & VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Antenet N. Simpson is an adult individual residing in North Augusta, SC.

5. Defendant Contract Callers, Inc. ("CCI") is a business entity which regularly conducts business in the District of South Carolina and has a principal place of business located at 501 Greene Street, 3rd Floor, Suite 302, Augusta GA 30901. The principal purpose of

Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt from Plaintiff originally owed to Columbia County Water for a total amount of $85.74 (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all pertinent times hereto, Plaintiff did not owe the debt to Defendant because Plaintiff paid the debt in full in March 2018.

9. From in or about March 2018 to the present, Defendant has further been engaging in collection activity against Plaintiff in connection with the debt.

10. From in or about March 2018 to the present, Defendant contacted Plaintiff in attempts to collect payment of the debt, including placing telephone calls to her cellular telephone with the intent to annoy, abuse, and harass such persons contacted.

11. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on her cellular telephone on multiple occasions.

12. At all pertinent times hereto, the phone call(s) as stated above was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

13. From March 2018 to the present, Plaintiff continually informed Defendant that she had paid the debt. This communication includes but is not limited to an email Plaintiff sent to Defendant on May 9, 2018, attaching supporting documentation showing proof that she paid the debt.

14. Notwithstanding the above, from in or about March 2018 to the present, Defendant continued to contact the Plaintiff in attempts to collect the debt at issue, after Defendant was informed by Plaintiff that she no longer owed the debt.

15. Notwithstanding the above, on or about July 5, 2018, Defendant sent Plaintiff a collection or dunning letter in an attempt to collect payment of the debt (herein after "the July 5, 2018 letter"). The letter confirmed receipt of Plaintiff's dispute and request for validation, yet, to date, Defendant has failed to provide Plaintiff with any verification of the alleged debt.

16. The July 5, 2018 Letter contradicted, overshadowed and obscured by language contained in the Letter so as to confuse or make uncertain the required validation/verification language required by section 1692g(a) of the FDCPA.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to the non-debtor.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating the debt to a non-debtor on more than one occasion.

19. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

21. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

22. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

23. Defendant acted in a false, deceptive, misleading and unfair manner by failing to provide verification of the alleged debt pursuant to 15 U.S.C. 1692g of the FDCPA.

24. Defendant knew or should have known that its actions violated the FDCPA and TCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA and TCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I
## VIOLATIONS OF THE FDCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Defendant is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692(d), 1692e(2)(A), 1692e(10),1692f and 1692g as evidenced by the following conduct:

   (a) Disclosing the debt to persons other than the debtor;

   (b) Communicating with persons other than the debtor on more than one occasion;

   (c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (d) Falsely representing the character, amount, or legal status of a debt;

   (e) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

   (f) Using unfair or unconscionable means to collect or attempt to collect any debt; and,

   (g) failing to provide verification of the alleged debt pursuant to 15 U.S.C. 1692g of the FDCPA.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATION OF THE TCPA
### (Plaintiff v. Defendant)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times relevant hereto, Defendant used, controlled, and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

37. Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the Plaintiff's express consent in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

38. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to recover from Defendant $500 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500 for each such violation.

## JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a) Statutory damages;

    (b) Actual damages;

    (c) Treble damages;

    (d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

>Respectfully Submitted,
>
>**DAVE MAXFIELD, ATTORNEY, LLC**
>
>BY:   */s/ David Maxfield*
>David A. Maxfield #7163
>5217 N. Trenholm Road, Suite B
>Columbia, SC 29206
>803-509-6800 (T)
>855-299-1656 (F)
>dave@consumerlawsc.com
>*Attorneys for Plaintiff*

Dated:  November 17, 2018

7